UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHANE R. CHRISTISEN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 1:20CV117 SNLJ |
| | ) |
| LANCE BRANNON TRAILER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM and ORDER**

Plaintiffs brought this personal injury lawsuit against defendant Lance Brannon Trailer Sales, Inc.. Defendant has moved to dismiss based on lack of personal jurisdiction [#11]. Plaintiffs have not filed a brief in opposition, and the time for doing so has passed.

**I.  Background**

Plaintiffs purchased a trailer from defendant in Rogersville, Alabama on January 24, 2019. Plaintiffs claim they were injured by carbon monoxide poisoning on or about March 10, 2019, leading to emotional distress caused by alleged misrepresentations and negligence by defendant.

Plaintiffs filed this action on March 3, 2020, in Perry County, Missouri. Defendant removed the case to this Court. At the time of removal, the only pending motion was a motion to compel arbitration. This Court granted the motion. Then, on September 17, 2020, defendant sought a ruling on its motion to dismiss for lack of

1

personal jurisdiction. This Court denied the motion because no such motion had been filed. Plaintiff thereafter re-filed the motion to dismiss in this Court. Although it had been filed in the state court proceeding, it was apparently not included in the state court file transmitted to this Court.

Defendant is incorporated in Alabama and has its principal place of business in Alabama. Plaintiffs allege that the Missouri courts have jurisdiction over defendant because defendant advertises, promotes, and markets its business in all states and defendant knew at the time it sold the trailer to plaintiffs that they resided in Missouri. Plaintiffs also allege defendant has transacted business in Missouri, made a contract within Missouri, and committed a tortious act in Missouri.

Defendant contends that this Court lacks personal jurisdiction over it.

**II.     Discussion**

In a diversity action such as this one, the Court "may assume jurisdiction over the nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004).

To survive a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction; that is, the "plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008).

Personal jurisdiction may be either general or specific.  *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780 (2017) ("*BMS*").  The exercise of general jurisdiction over a corporation may take place where "the corporation is fairly regarded as at home." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).  "A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Id.*  Here, because defendant is an Alabama corporation with its principal place of business in Alabama, defendant is "at home" in Alabama and thus subject to general jurisdiction there.  Plaintiff does not attempt to argue that defendant is subject to general jurisdiction in Missouri.

"Specific jurisdiction is very different. In order for a state court to exercise specific jurisdiction, 'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'" *Id.*  (quoting *Daimler AG v. Bauman*, 134 S.Ct. 746,754 (2014)).  Plaintiff alleges that defendant subjected itself to specific jurisdiction in Missouri because it designed, produced, and manufactured the lift and placed the lift into the stream of commerce in Missouri.

"Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011).  The Missouri Long-Arm Statute provides that jurisdiction extends to "any cause of action arising from" the "transaction of business within" or the "commission of a tortious act" within Missouri.  §

3

506.500.1(1), (3) RSMo.  The Missouri legislature's objective in enacting the statute "was to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." *State ex rel. Deere & Co. v. Pinnell*, 454 S.W.2d 889, 892 (Mo. banc 1970).  Thus, critical to the "analysis is whether the exercise of personal jurisdiction in this case comports with due process."  *Clune v. Alimak AB*, 233 F.3d 538, 541 (8th Cir. 2000).  The Constitution's Due Process Clause requires that there be "minimum contacts" between the nonresident defendant and the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945) (internal quotations omitted).

     Defendant argues that plaintiffs do not allege any fact showing that their claims against defendant arise from defendant's contacts (if any) with Missouri.  Indeed, defendant sold the trailer to plaintiffs in Alabama.  It was inspected in Alabama. The contract was signed in Alabama.  Plaintiffs drove to Alabama to pick up the trailer. For specific jurisdiction to align with due process requirements, the defendant must "purposefully avail itself of the privileges of conducting activities within the forum State, thus invoking the benefits and protections of its laws.*" J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011). Simply placing a good into the stream of commerce is insufficient to avail a defendant of the forum state. *See id.*  The only contacts defendant is alleged to have with Missouri are, apparently, that defendant advertises in all states, including Missouri.  [#6 at ¶ 4.]  There is no specific allegation or

4

evidence that defendant has sufficient contacts with Missouri that would suggest defendant purposefully availed itself of the forum state.  Even if defendant knew plaintiffs resided in Missouri, sale of the trailer to those plaintiffs merely placed the trailer into the stream of commerce.  As for the allegation that defendant advertises in all states, including Missouri, defendant concedes it has a website that it uses to advertise, promote, and market its business in all states. Such a website that does "little more than make information available to those who are interested" is a "passive website," which does not typically confer personal jurisdiction.  *See Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).

    Critically, plaintiffs did not respond at all to defendant's motion.  Because it appears that neither general nor specific jurisdiction over defendant exists in this state, this Court will grant the motion to dismiss.

    Accordingly,

    **IT IS HEREBY ORDERED** that defendant's Motion to Dismiss (#11) is **GRANTED**.

    Dated this 18th day of November, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE